Per Curiam.

Section 5385, General Code, relative to the listing for taxation of personal property of a manufacturer, provides, inter alia, that “he shall include therein the average value estimated, as hereinafter provided * * * which, from time to time, ho has had on hand during the year next previous to listing day annually, if he has been engaged in such manufacturing btisiness so long, and if not, then during the time he has been so engaged. ’ ’
This section provides for valuation of inventory on an average basis because of the obvious inequity which would result from valuation as of any particular tax listing day during the year. The section makes no reference to taxing districts, but rather to the portion of the year in which the taxpayer was engaged in business. It does not refer to any portion of the year in which he held inventory or was engaged in business in any particular taxing district.
Section 5386, General Code, provides: “Such average value shall be ascertained by taking the value of all property subject to be listed on the average basis, owned by such manufacturer, on the last business day of each month the manufacturer was engaged in busi *538 ness during the year, adding such monthly values together and dividing the results by the number of months the manufacturer was engaged in such business during the year. Such result shall be the average value to be listed. * * *” (Emphasis added.)
This section, in prescribing the method to be followed in determining the annual average, refers to the number of months the taxpayer was engaged in business during the year, but not to the portion of the year during which the taxpayer held inventory or engaged in business in any particular taxing district. It makes no reference to taxing districts.
Section 5371, General Code, requires that personal property used in business shall be listed and assessed in the taxing district in which such business is carried on, and that if such business is carried on in more than one taxing district in the same county the value of the whole of the personal property used in business shall be apportioned to and assessed in each of such taxing districts in proportion to the value of the personal property situated therein.
The last named section contains an apportionment provision. It requires the apportionment of the whole of the personal property to the several taxing districts in proportion to the value of the property in each district.
It is thus apparent that Tax Commissioner’s Rule 212 is in conflict with the above-quoted statutory provisions, and its application in determining the tax valuation of appellant’s manufacturing inventory was error.
The decision of the Board of Tax Appeals, affirming the order of the Tax Commissioner, being unreasonable and unlawful, is reversed.

Decision reversed.

Weygandt, C. J., Middleton, Taft, Matthias, Hart, Zimmerman and Stewart, JJ., concur.